**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JONATHAN R. EFFINGER,** § | | |
| *Petitioner* § | | |
| § | | |
| v. § | Case No. 1:23-CV-01001-DII-SH | |
| § | | |
| **GARY CUTLER,** § | | |
| *Defendant* § | | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE UNITED STATES DISTRICT COURT

Before the Court are Jonathan Effinger's Petition for Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Application to Proceed *In Forma Pauperis* (Dkt. 2), both filed August 23, 2023, and two Supplements filed August 24, 2023 (Dkts. 4-5). The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e) pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

**I. Motion to Proceed *In Forma Pauperis***

After reviewing Petitioner Jonathan Effinger's Financial Affidavit, the Court finds that he is indigent. Accordingly, the Court hereby **GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Effinger is advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a § 1915(e) review of the Petition and recommends that Effinger's Petition should be dismissed. Therefore, service on Defendant should be withheld pending the District Court's review of the recommendations made in this Report. If the District Court declines to adopt the recommendations, service should be issued on Defendant at that time.

## II. Section 1915(e)(2) Frivolousness Review

Because Effinger has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute is meant to ensure that "indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating that he cannot pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke*, 490 U.S. at 324. To prevent such abusive litigation, § 1915(e) authorizes federal courts to dismiss a claim filed *in forma pauperis* "at any time" if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.

A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Id.* at 325. A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint lacks an arguable basis in fact "if, after

providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.*

A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.*

While pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the plaintiff's *pro se* status offers "no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Effinger is detained in Hays County Jail in San Marcos, Texas, for one count of sexual assault of a child under Texas Penal Code § 22.011(a)(2) and two counts of indecency with a child by sexual contact under § 21.11(d). *State of Texas v. Effinger*, CR-22-1930 (453rd Dist. Ct., Hays Cnty. June 22, 2022).[1] In his Petition for Habeas Corpus under 28 U.S.C. § 2241, Effinger challenges the state court's jurisdiction over his case, alleges that his indictment was forged, and brings claims for ineffective assistance of counsel and violations of the Due Process Clause of the United States Constitution. Dkt. 1 at 6-7. In his first supplemental filing, Effinger argues that the

---

[1] The Court takes judicial notice of Effinger's criminal case under Federal Rule of Evidence 201. *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) (taking judicial notice of federal court proceedings as matter of public record); *see also Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (holding that district court may take judicial notice of state court docket).

amendment of his indictment violated the Texas Constitution and the Texas Code of Criminal Procedure. Dkt. 4. In his second supplemental filing, Effinger argues that the state court failed to notify him the indictment was being amended and that he was deprived of the opportunity to challenge the grand jury array.[2] Dkt. 5 at 3-4.

A state pretrial detainee such as Effinger may challenge the authority of the state to bring him to trial and the constitutionality or lawfulness of his confinement by petition for writ of habeas corpus under § 2241. *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 489-90 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). A plaintiff may not use § 2241 to attempt to litigate constitutional defenses to state charges in federal court before the state court charges have been tried. *Braden*, 410 U.S. at 490.

Effinger's claims concerning ineffective assistance of counsel and amendment of the indictment have no impact on the legality of his detention. They are an attempt to litigate defenses to his state charges in federal court before trial. Because these claims are not cognizable under § 2241, the Court recommends that they be dismissed. *See Braden*, 410 U.S. at 490; *see also Wilson v. Travis Cnty., Tex.*, No. A-15-CV-175-RP, 2015 WL 1209146, at *1 (W.D. Tex. Mar. 13, 2015*)* (dismissing claims as to competent legal counsel as not cognizable under § 2241).

To the extent Effinger challenges the authority of the state to bring him to trial, a state pretrial detainee may proceed under § 2241 if two requirements are satisfied: the petitioner must be in custody and must have exhausted his available state remedies. *See* 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at 224. Because Effinger is being detained at Hays County Jail, he is "in custody" for purposes of § 2241. But he also must show that he has exhausted his state administrative remedies.

---

[2] "'Array' means the whole body of persons summoned to serve as grand jurors before the grand jurors have been impaneled." TEX. CODE CRIM. PROC. art. 19A.001(1).

While § 2241 does not contain an exhaustion of state remedies requirement, it has long been settled that a § 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention.

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225. Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). "However, exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" and Effinger bears the burden of demonstrating the futility of administrative review. *Id.* (citation omitted).

Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were first fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals through either a petition for discretionary review or postconviction writ of habeas corpus before a pretrial detainee may seek federal habeas corpus relief. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

Effinger alleges that he presented his complaints to the Texas State Bar and the Board of Disciplinary Appeals. Dkt. 1 at 2-3. There is no evidence that he sought state habeas relief or otherwise presented the claims he raises in this federal habeas petition to any state court.

Effinger has not exhausted his state court remedies. He has not shown that trial or existing state procedures, including pretrial habeas review, direct appeal, and post-trial state habeas review, are insufficient to protect his constitutional rights; nor has he argued, much less shown, any extraordinary circumstances warranting excusal from the exhaustion requirement. Accordingly, pretrial habeas interference by this Court in the normal functioning of the state's criminal processes is not authorized, and Effinger has no right to seek federal habeas corpus relief now. *Braden*, 410 U.S. at 493. The Court recommends that Effinger's Petition be dismissed without prejudice subject to his right to seek federal habeas corpus relief after the state proceedings are concluded.

### III. Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** without prejudice Jonathan Effinger's Petition for Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1).

### IV. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, as amended, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.

A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Effinger's § 2241 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See id.* ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."). It is recommended that a certificate of appealability not be issued.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 12, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE