IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JONATHAN R. EFFINGER, | § § § | |
| Petitioner, | § § | |
| v. | § | 1:23-cv-1001-DII |
| GARY CUTLER, | § § § | |
| Respondent. | § § | |

## **ORDER**

Before the Court is Petitioner Jonathan Effinger's ("Effinger") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1). Effinger filed his petition on August 23, 2023. (*Id.*). He also filed two supplements to his petition. (Dkts. 4, 5). The case was referred to United States Magistrate Judge Susan Hightower for findings and recommendations, pursuant to 28 U.S.C. § 636(b). Judge Hightower filed her report and recommendation on September 12, 2023. (Dkt. 7). In her report and recommendation, Judge Hightower recommends that the Court dismiss Effinger's petition because his claims are either not cognizable under § 2241 or they are not available until Effinger has exhausted his state administrative remedies. (*Id.* at 6). Effinger filed objections to the report and recommendation on October 10, 2023. (Dkt. 11).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Although Effinger's objections were not timely, the Court, in its discretion, still considers Effinger's objections given that he is in custody and receiving and sending filings through the postal service. Because Effinger objected to the report and recommendation, the Court reviews the report and recommendation *de novo*.

Effinger claims in his original petition, (Dkt 1, at 2), and in his objections, (Dkt. 11, at 2), that the state court has incorrectly docketed and refused to move on several motions filed pro se by Effinger related to his state criminal proceedings. To the extent that Effinger is requesting the Court to order the state court to docket his pro se motions differently, the Court lacks jurisdiction to provide such mandamus relief.[1] Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Federal district courts do not have the jurisdiction to provide mandamus relief against a state actor or agency. *See generally Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *accord, Noble v. Cain*, 123 Fed. Appx. 151 (5th Cir. Feb. 16, 2005) (citing *Moye* to hold federal mandamus relief is not available to direct state officials in the performance of their duties). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, the Court is without jurisdiction over Effinger's request to order the state court to hear and rule on his pro se motions.

Having completed a *de novo* review and for the reasons given above and in the report and recommendation, the Court overrules Effinger's objections and adopts the report and recommendation as its own order.

---

[1] Petitioner's request that the Court order the state court to handle his pro se motions differently is a request to compel government action and therefore effectively a request for mandamus relief rather than a petition under 28 U.S.C. § 2241.

Accordingly, **IT IS ORDERED** that the report and recommendation of United States Magistrate Judge Susan Hightower, (Dkt. 7), is **ADOPTED**. Effinger's Petition for Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** subject to Effinger's right to seek federal habeas corpus relief after the state proceedings are concluded.

It is **FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on November 17, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE